**CASE NO. 16-15303**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**NORTHSTAR FINANCIAL ADVISORS, INC.,**
on behalf of itself and all others similarly situated,
*Plaintiff-Appellant,*

v.

**SCHWAB INVESTMENTS; MARIANN BYERWALTER; DONALD F. DORWARD; WILLIAM A. HASLER; ROBERT G. HOLMES; GERALD B. SMITH; DONALD R. STEPHENS; MICHAEL W. WILSEY; CHARLES R. SCHWAB; RANDALL W. MERK; JOSEPH H. WENDER; JOHN F. COGAN; CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,**
*Defendants-Appellees.*

_____

On Appeal from the United States District Court for the Northern District of California, San Jose Division, No. 5:08-cv-04119-LHK, Hon. Lucy H. Koh

**PLAINTIFF-APPELLANT'S MOTION TO
EXPEDITE HEARING ON APPEAL**

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200

Robert C. Finkel
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600

Marc J. Gross
**GREENBAUM ROWE
 SMITH & DAVIS LLP**
75 Livingston Street, Suite 301
Roseland, NJ 07068
Telephone: (973) 535-1600

*Attorneys for Plaintiff-Appellant Northstar Financial Advisors, Inc.*

# INTRODUCTION

Plaintiff-Appellant Northstar Financial Advisors, Inc. ("Northstar") respectfully moves this Court pursuant to Ninth Circuit Rule 27-12 (the "Motion") for an order expediting the hearing date on this appeal.

This action was first filed in the District Court in 2008 and has been pending for over eight years. This is the third appeal. The second appeal took over four years to resolve from the filing of the notice of appeal (September 2011) to the denial of defendants' *certiorari* petition (October 2015). *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036 (9th Cir.), *cert denied*, 136 S. Ct. 240 (2015) ("*Northstar V*"). Without expedition, this appeal may not be heard before 2018 and this action is not likely to be resolved before 2020 – *twelve years after its initial filing*.

This is not a complex appeal and expediting oral argument will not place a burden on the Court. This Court in *Northstar V* addressed and sustained the validity of Northstar's state law contract and breach of fiduciary duty claims (none of which contain an element of fraud). *See* 779 F.3d at 1050-65. The District Court in two separate subsequent orders dismissed those claims as preempted by the Securities Litigation Uniform Standards Act ("SLUSA").[1] *See Northstar Fin. Advisors, Inc. v.*

---

[1] SLUSA preempts state law claims in a "covered class action" "alleging" "an untrue statement or omission of a material fact in connection with the purchase or

1

*Schwab Invs.*, 135 F. Supp. 3d 1059 (N.D. Cal. 2015) ("*Northstar VI*"); and *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, No. 08-CV-04119-LHK, 2016 WL 706018 (N.D. Cal. Feb. 23, 2016) ("*Northstar VII*"). Northstar contends in this appeal that the District Court's orders should be reversed because they conflict with *Northstar V* and *Freeman Investments, L.P. v. Pacific Life Insurance Co.*, 704 F.3d 1110, 1118 (9th Cir. 2013) (a "promise [to do] one thing and deliver[ing] another [is] a straightforward contract claim that doesn't rest on misrepresentation or fraudulent omission" and thus not SLUSA-barred).

Following *Northstar VI*, two other district courts in this Circuit issued separate opinions (one of which was a consolidation of two cases) distinguishing *Freeman* and dismissing state law claims on the basis of SLUSA. Those opinions are being challenged in three separate pending appeals to this Court. *See Hampton v. Pac. Inv. Mgmt. Co., LLC*, 146 F. Supp. 3d 1207, 1213-15 (C.D. Cal. 2015) (citing *Northstar VI*, 135 F. Supp. 3d at 1082-84) (Ninth Circuit No. 15-56841, hereinafter "*Hampton*"); and *Lim* and *Fleming v. Charles Schwab & Co.*, No. 15-CV-02074-RS, 2015 WL 7996475 (N.D. Cal. Dec. 7, 2015) (consolidated appeals: Ninth Circuit Nos. 16-15179, hereinafter "*Fleming*"; and 16-15189, hereinafter "*Lim*"). In these three appeals, the defendants-appellees seek affirmance on several grounds, one of

---

sale of a covered security." 15 U.S.C. §77p(b)(1).

which is SLUSA. In *Northstar*, by contrast, the *only* issue before this Court is the applicability of SLUSA.

In addition to accelerating resolution of the *Northstar* action, expediting this appeal will clarify the application of *Freeman* to state law investment claims, facilitate resolution of the related SLUSA issues in *Hampton*, *Fleming* and *Lim*, and avoid the simultaneous adjudication of overlapping SLUSA issues in four separate appeals heard by three different panels.

## OPPOSING COUNSEL'S POSITION

Counsel for defendants-appellees Schwab Investments, Mariann Byerwalter, Donald F. Dorward, William A. Hasler, Robert G. Holmes, Gerald B. Smith, Donald R. Stephens, Michael W. Wilsey, Charles R. Schwab, Randall W. Merk, Joseph H. Wender, and John F. Cogan, and Charles Schwab Investment Management, Inc. ("defendants") do not consent to the Motion.[2] Finkel Decl. ¶2.

## STATUS OF BRIEFING

The appeal has been fully briefed, and the parties await a hearing date.

## PROPOSED HEARING DATE

Plaintiff requests that the appeal be scheduled for argument in early 2017.

---

[2] Plaintiff has contacted the parties in *Hampton*, *Lim,* and *Fleming* concerning the scheduling of oral argument. Some opposed the requested reliefs, one party did not oppose the requested relief, and others stated they took no position. Declaration of Robert C. Finkel in Support of Plaintiff-Appellant's Motion To Expedite Hearing On Appeal ("Finkel Decl."), filed herewith, ¶¶ 2-3.

## STAUTS OF TRANSCRIPT PREPARATION

There are no pertinent transcripts to be prepared.

## GROUNDS FOR MOTION

**A.    Factual and Procedural Background**

Northstar is a financial advisory firm whose clients owned approximately 240,000 Fund shares. Northstar commenced this action on August 28, 2008, alleging that defendants breached their contractual and fiduciary obligations to shareholders by deviating from the shareholder-approved fundamental investment policies of the Schwab Total Bond Market Fund (the "Fund") to track the Lehman Brothers U.S. Aggregate Bond Index (the "Index") and to invest no more than 25% of the Fund's total assets in any "industry." Due to defendants' breaches of their contractual and fiduciary duties, Northstar and the members of the proposed class of shareholders suffered "tens of millions of dollars in losses" when the Fund underperformed its Index. *See Northstar V*, 779 F.3d at 1042.

The first appeal (No. 09-16347), taken by defendants, sought interlocutory review of the District Court's February 19, 2009 Order finding a private right of action under Section 13(a) of the Investment Company Act. The Order granting permission to appeal was filed on June 29, 2009, oral argument was held on April 12, 2010, this Court issued its Decision and Order reversing the District Court on

August 12, 2010, and on September 3, 2010 the mandate was issued. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106 (9th Cir. 2010).

The second notice of appeal (No. 11-17187) was filed by Northstar on September 7, 2011, following the District Court's Orders granting defendants' motions to dismiss the substantive state law claims pled in the Second and Third Amended Class Action Complaints. Oral argument was held on May 17, 2013, and on April 28, 2015, this Court issued *Northstar V*, reinstating all of Northstar's claims. Specifically, this Court held, without any reference to a misrepresentation, that Northstar had alleged that a contract was formed by the Fund shareholders' majority vote on a July 25, 1997 Proxy Statement to approve the Fund's fundamental investment objectives, *Northstar V*, 779 F.3d at 1050-56, and found that the contract was for the benefit of existing and future investors in the Fund, *id.* at 1053-54. Regarding Northstar's fiduciary duty claims, this Court held that defendants owed fiduciary duties to the Fund shareholders, and that Northstar's claims could proceed directly, rather than derivatively. *Id.* at 1056-62. This Court also held that Northstar had adequately alleged that Fund investors were third-party beneficiaries of Schwab's Investment Advisory and Administration Agreement, and accordingly reversed dismissal of Northstar's third-party contract claims. *Id.* at 1062-65.

This Court remanded to the District Court to determine "whether any of Northstar's claims are barred by SLUSA." 779 F.3 at 1050. The Mandate was

issued on May 8, 2015. The Supreme Court denied defendants' writ of *certiorari* on October 5, 2015. *Schwab Invs. v. Northstar Fin. Advisors, Inc.*, 136 S. Ct. 240 (2015).

After the remand and prior to the subsequent dismissal orders, the parties commenced discovery and began briefing Northstar's motion for class certification.

In orders dated October 5, 2015 and February 23, 2016 (*Northstar VI* and *Northstar VII*), the District Court dismissed Northstar's state law contract and breach of fiduciary duty claims, which had been sustained by this Court, as barred under SLUSA, finding the "gravamen" of plaintiff's state law claims to be that "Defendants misrepresented or omitted a material fact in their management of the Fund." *See Northstar VII*, 2016 WL 706018, at * 8.

Northstar filed its notice of appeal on February 25, 2016, and its opening brief on June 6, 2016. Defendants filed their answering brief on August 4, 2016, and Northstar replied on August 18, 2016. The appeal is ready for argument.

**B.    Good Cause Exists to Expedite this Appeal**

Pursuant to Circuit Rule 27-12, "[m]otions to expedite briefing and hearing may be filed and will be granted upon a showing of good cause." *See also Alliance for the Wild Rockies v. Salazar*, No. 11-35661, 2011 WL 3794399, at *1 (9th Cir. Aug. 25, 2011) (granting motion to expedite appeal); *A&M Records, Inc. v. Napster, Inc.*, No. 00-16401, 2000 WL 1055915, at *1 (9th Cir. July 28, 2000) (same).

Good cause exists to expedite this appeal. The parties have litigated this case for over eight years, through two previous appeals.

The first appeal resolved after approximately 13 months, and the second appeal resolved after 49 months. If this appeal is not expedited and proceeds on a track similar to the second appeal, it is unlikely to be heard before 2018 and the case is unlikely to be resolved before 2020, *twelve years after its initial filing in 2008.*

Fund shareholders, many of whom are elderly retirees and pensioners, cannot and should not wait several more years for a resolution of this action. Class members likely will have already changed addresses (many more than once) and be difficult to locate. Moreover, memories fade and evidence is destroyed or becomes inaccessible with the passage of time. The crucial events in this action occurred in 2007, and other facts relate to the mid-to-late 1990s or early 2000s. The longer this case proceeds, the greater the likelihood that witnesses will not recall relevant facts during depositions. Moreover, many of Schwab's trustees and senior employees have left the company, many of whom undoubtedly undertook no document retention procedures.

Good cause also exists to expedite this appeal to clarify whether sustained state law contract and breach of fiduciary duty claims seeking to enforce a mutual fund's investment objectives are barred under SLUSA. As discussed earlier, Northstar is aware of at least three appeals pending before this Court concerning

related SLUSA issues: *Hampton* is an appeal from an order of the Central District of California dismissing claims for breach of contract, breach of trust, and breach of the covenant of good faith and fair dealing arising from a mutual fund exceeding investment restrictions referenced in prospectuses. The District Court in *Hampton* relied on *Northstar VI*. *See Hampton*, 146 F. Supp. 3d at 1213-15. *Fleming* and *Lim* are two consolidated appeals from an order of the Northern District of California dismissing claims for, among other things, breach of contract and breach of fiduciary duty arising from Schwab entities stating they would route orders to a venue that would execute the trade at the best price possible for the customer.

A prompt decision on this appeal will clarify application of *Freeman* to state investment claims and expedite resolution of these appeals. In neither *Hampton*, *Lim*, nor *Fleming* did a court, no less this Court, find that the plaintiff had adequately pled breach of contract and breach of fiduciary duty causes of action. Consequently, if the Court is to determine whether the "gravamen" of certain state law claims are misrepresentations, it should do so on in a case in which it has already determined that such state law causes of action have been adequately pled. Accordingly, at the very least, this appeal should be heard prior to the other three appeals.

Granting this Motion would not open the floodgates and invite future civil appellants to routinely file motions to expedite. Very few federal cases are stuck at

their pleading stage for over eight years, and even fewer undergo three extensive appeals.

Once this instant SLUSA appeal is decided and the action remanded to District Court, Northstar is hopeful of being able to complete pre-trial procedures and get the case to trial expeditiously.

## CONCLUSION

For the reasons set forth above, and in the interests of justice, the Court should grant the Motion.

Dated: September 23, 2016

        */s/ Robert C. Finkel*
Robert C. Finkel (NY RF 2373)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600

        */s/ Christopher T. Heffelfinger*
Christopher T. Heffelfinger (118058)
Joseph J. Tabacco, Jr. (75484)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200

Marc J. Gross
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 Livingston Street, Suite 301
Roseland, NJ 07068
Telephone: (973) 535-1600

*Attorneys for Plaintiff-Appellant Northstar Financial Advisors, Inc.*

9

*Northstar Financial Advisors, Inc. vs. Schwab Investments, et al.,*
No. 16-15303 (9th Cir.)

## CERTIFICATE OF SERVICE

I, Kathy Becker, hereby declare as follows:

I am employed by Berman DeValerio, One California, Suite 900, San Francisco, California, 94111. I am over the age of 18 years and am not a party to this action. I hereby certify that on September 23, 2016, I electronically filed the foregoing with the Clerk of the Court for the Unites States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that I served the foregoing, by first-class mail and email, on the following counsel in the related actions of *Hampton v. Pacific Investment Management Company LLC, et. al.*, No. 15-56841, *Lim v. Charles Schwab & Co., Inc.*, No. 16-15189, and *Fleming v. The Charles Schwab Corp.*, No. 16-15179:

**LEVI & KORSINSKY LLP**
Nicholas I. Porritt, Esq.
E-mail: nporritt@zlk.com
1101 30th Street NW, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121

*Counsel for Plaintiff-Appellant in Hampton*, No. 15-56841

**ROPES & GRAY LLP**
John C. Ertman, Esq.
E-mail: John.Ertman@ropesgray.com
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel for Defendants-Appellees Pacific Investment Management Company LLC, Brent R. Harris, and Douglas M. Hodge in Hampton*, No. 15-56841

**DECHERT LLP**
Josh D.N. Hess, Esq.
E-mail: joshua.hess@dechert.com
One Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 262-4503
Facsimile: (415) 262 4555

*Counsel for Defendants-Appellees PIMCO Funds, E. Philip Cannon, J. Michael Hagan, Ronald C. Parker, and Vern O. Curtis in Hampton,* No. 15-56841,

**BROWN RUDNICK LLP**
Ronald Rus, Esq.
E-mail: rrus@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Counsel for Defendant-Appellee William J. Popejoy in Hampton*, No. 15-56841

**ROBBINS GELLER RUDMAN & DOWD LLP**
Andrew S. Love, Esq.
E-mail: alove@rgrdlaw.com
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

*Counsel for Plaintiff-Appellant in Fleming*, No. 16-15179

**BLOOD HURST & O'REARDON LLP**
Timothy G. Blood
E-mail: tblood@bholaw.com
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101

*Counsel for Plaintiff-Appellant in Lim*, No. 16-15189

**KATTEN MUCHIN ROSENMAN LLP**
David C. Bohan, Esq.
E-mail: david.bohan@kattenlaw.com
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Counsel for Defendant-Appellee UBS Securities LLC in Fleming*, No. 16-15179 *and Lim*, No. 16-15189

//

//

//

**ARNOLD & PORTER LLP**
Gilbert R. Serota, Esq.
E-mail: gilbert.serota@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

*Counsel for the Schwab Defendants-Appellees in Fleming*, No. 16-15179 *and Lim*, No. 16-15189

    I declare under penalty of penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

    Executed at San Francisco, California on September 23rd, 2016.

_____
Kathy Becker

Senior Paralegal
BERMAN DEVALERIO