

1900 K Street, NW
Washington, DC 20006-1110
+1 202 261 3300 Main
+1 202 261 3333 Fax
www.dechert.com

**JOSHUA D.N. HESS**

joshua.hess@dechert.com
+1 202 261 3438 Direct
+1 415 262 4555 Fax

February 6, 2017

**VIA ECF**

Molly Dwyer
Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Northstar Financial Advisors, Inc. v. Schwab Investments, et. al.*, No. 16-15303

Dear Ms. Dwyer

Appellees respectfully submit the Seventh Circuit's recent opinion in *Holtz v. JPMorgan Chase Bank, N.A.*, No. 13-2609, (7th Cir. Jan. 23, 2017) as supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j) and 9th Cir. Rule 28-6. *Holtz* unanimously affirms a case Appellees cited favorably in their answering brief. *See* ECF No. 14 at 27.

*Holtz* rejects Appellants' suggestion that characterizing their claim as a "breach of contract" saves them from SLUSA preclusion. Slip Op. at 4. Instead, SLUSA precludes "[c]laims based on false statements in (or material omissions from) a [mutual fund] prospectus" and "it does not matter what state-law characterization might be possible." *Id.* at 6. Indeed, SLUSA preclusion applies even where the same facts give rise to both federal securities and common-law claims. *Id.* at *8. Further, *Holtz* reinforces the notion that "a decision *not* to sell a security (when influenced by a material misrepresentation or omission)" presents a securities claim that falls within SLUSA. *Id.* at 10. Indeed, the Seventh Circuit was unaware of any "nondisclosure or fiduciary-duty claim concerning investments in securities, traded in interstate commerce" that was ever found to be "outside the scope of federal securities law." *Id.* at 9. *Holtz* also makes clear that SLUSA has no scienter pleading requirement. *Id.* at 3. Lastly, *Holtz* rejects any suggestion that SLUSA preclusion leaves litigants without a remedy because it only bars class actions and a litigant may still pursue an individual lawsuit or the SEC or a State could institute their own actions. *Id.* at 11.

Appellants allege state-law claims based on allegations that Appellees promise one investment strategy and then secretly employed another. As in *Holtz*, "nondisclosure is a linchpin of this suit no matter how [plaintiff] chose to frame the pleadings" because there would be no claim if plaintiff chose to hold his shares with full knowledge of the fund's investment practices. *Id.* at 3.



February 6, 2017
Page 2

*Holtz* reaffirms that such claims are precluded under SLUSA. *Id.* at 6 (a party may not "recharacterize as a state-law claim a situation that securities law sees as a nondisclosure claim").

Sincerely,

*/s/ Joshua D.N. Hess*
Joshua D.N. Hess

JDH/br

cc:	All Counsel of Record via ECF